# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS, INC.<br><br>                    Debtor. | Chapter 7<br><br>Case No. 24-13029-amc |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE COMPANY TO REDACT PERSONALLY IDENTIFIABLE INFORMATION FOR CONSUMERS, EMPLOYEES AND OTHER INDIVIDUAL PARTIES IN INTEREST

Financial Business and Consumer Solutions, Inc. ("FBCS," the "Company" or "Debtor"), by and through undersigned counsel, hereby moves this Court (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A**, (a) sealing certain records and authorizing the Company to redact from any paper publicly filed or to be filed with the Court in this chapter 7 case,[1] including the creditor matrix and statement of financial affairs and schedules of assets and liabilities (i) all Personally Identifiable Information of Consumers (each as defined herein), and (ii) the mailing address and phone numbers of current and former employees and other individual parties in interest, and (b) granting related relief. In support of this Motion, FBCS relies upon and incorporates by reference the *Declaration of Joseph Neary Jr.*, filed contemporaneously herewith and attached hereto as **Exhibit B**.

---

[1] By this Motion, FBCS also seeks authority to redact such information from certificates of service utilized in this bankruptcy case.

1

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Company confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Sections 105(a) and 107(c) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 5003-1 and 9014-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

**Background**

4. Founded in 1982, FBCS was a Hatboro, Pennsylvania-based licensed collection agency that provided accounts receivable management and collection services throughout the United States across a variety of industries.

5. As a licensed collection agency, the Company received and collected personally identifiable information of individual consumers, including a consumer's full name, mailing address, email address, relevant account information, date of birth, driver's license number, passport number, credit card number(s) and/or Social Security numbers, and in some instances received and collected protected health information or PHI (as that phrase is defined in the Health Insurance Portability and Accountability Act of 1996 and accompanying regulations) (collectively, the "Personally Identifiable Information" or "PII"). These individual consumers are "debtors"

under the federal Fair Debt Collection Practices Act, Regulation F and state consumer financial protection laws (collectively, the "Consumers").

6. On February 26, 2024, the Company discovered unauthorized access to certain systems in its network which occurred between February 14 and 26, 2024 (the "Incident"). The Company immediately took steps to secure the impacted environment and launched an investigation with the assistance of third-party computer forensics specialists to determine the nature and scope of the Incident. The Incident investigation determined that the unauthorized actor had the ability to view or acquire certain data stored on the Company's network during the period of access.

7. The Incident was reported to appropriate law enforcement authorities including the Federal Bureau of Investigations.

8. Following the initial investigation, on March 4, 2024, FBCS began notifying its corporate clients as the "data owners" regarding the Incident. Beginning on or about April 4, 2024, FBCS further notified each corporate client identifying each client's underlying Consumers who could have been impacted by the Incident.

9. At its own costs and expense, FBCS also provided notice to roughly 4.2 million potentially affected Consumers that an unauthorized third party was possibly able to view and/or access data stored on the Company's network.

10. In addition to notifying clients, data owners and potentially affected Consumers, FBCS provided timely notice of the Incident to applicable regulators, three major consumer reporting agencies, provided access to a hotline and made available certain credit-monitoring services for affected Consumers. The Company also provided notice of the Incident to the public

more generally through the media and its website (*see*, www.fbcs-inc.com/cyber-incident). All such notices are referred to collectively as the "Notices" or "Notice."

11.  Due to Notices the Company gave to potentially affected Consumers, a class action lawsuit on behalf of approximately 1,955,386 individuals was initiated against FBCS on May 2, 2024, in the United States District Court for the Eastern District of Pennsylvania. *Marc Reichbart, individually and on behalf of all others similarly situated v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01876 (E.D. Pa. 2024), Dkt. No. 1.

12.  To date, the Company is a named party in approximately twenty (20) class action lawsuits[2] and several individual lawsuits.

---

[2] The following additional class action lawsuits have been filed against the Company as of the Petition Date:
(1) *Joseph Stallone v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1901-NIQA (E.D. Pa. May 4, 2024);
(2) *Alison Croteau v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1946-NIQA (E.D. Pa. May 7, 2024);
(3) *Kevin Brooks v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2007-NIQA (E.D. Pa. May 10, 2024);
(4) *Jesse Apthorp v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2024-NIQA (E.D. Pa. May 10, 2024);
(5) *Sophie Cahen Vorburger v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2045-NIQA (E.D. Pa. May 13, 2024);
(6) *Mickey Hwang v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2033-NIQA (E.D. Pa. May 13, 2024);
(7) *Dana Kerr v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2075-NIQA (E.D. Pa. May 15, 2024);
(8) *Derrick Vines and Bradford Wicks v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-2085-NIQA (E.D. Pa. May 15, 2024);
(9) *Jerome Frasier v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02121-NIQA (E.D. Pa. May 17, 2024);
(10) *Griffin R. Wagner v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-02119-NIQA (E.D. Pa. May 17, 2024);
(11) *Dustin Busby v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-2129-NIQA (E.D. Pa. May 17, 2024);
(12) *Timothy Courtney v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02153-NIQA (E.D. Pa. May 20, 2024);
(13) *Onieque Morgan v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02163-NIQA (E.D. Pa. May 21, 2024);
(14) *Taleyia Williams v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02642-NIQA (E.D. Pa. June 17, 2024);
(15) *Cynthia Soto v. Financial Business and Consumer Solutions, Inc.*, No. 1:24-cv-04724 (N.D. Ill. June 6, 2024);
(16) *Angela Whaley v. Financial Business and Consumer Solutions, Inc.*, No. 2024CC000662 (Cir. Ct. 5th Judicial District Sumter Cty. Fl. May 29, 2024);
(17) *Damica Fullwood v. Financial Business and Consumer Solutions, Inc.*, No. 2024 CC 002654 CL (Cir. Ct. 9th Judicial District Osceola Cty. Fl. May 29, 2024); and

51465760.11

13. After receiving Notice of the Incident, a substantial portion of the Company's clients discontinued placing new Consumer accounts for servicing by the Company, and in some instances requested the Company close and return any accounts.

14. By the end of July 2024, the Company determined it was not feasible to continue normal business operations, ceased operating and remitted all funds held on behalf of its clients to its clients, resolving its trust accounts. As part of the wind down, the Company, with the assistance of Cornerstone Licensing Services, has sought authority from applicable regulators to surrender its collection licenses. This process is ongoing.

15. To assure the wind down of FBCS in a timely, orderly and efficient manner, the Company filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 29, 2024 (the "Petition Date").

### Relief Requested

16. By way of this Motion, FBCS seeks to have this Court seal certain records and authorize the Company to redact from any paper publicly filed or to be filed with the Court in this chapter 7 case, including the creditor matrix, statement of financial affairs and schedules of assets and liabilities certain identifying information for individual creditors and other individual parties in interest.[3]

17. More specifically, FBCS seeks to have the Court seal and authorize redaction of (i) all Personally Identifiable Information of Consumers, including a Consumer's name, mailing address, telephone number, email address and/ or other personally identifying information; and (ii)

---

(18) *Jason Dozal v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-2775 (E.D. Pa. June 25, 2024).

[3] The Company does not believe that all individuals referenced herein are creditors that hold claims against the Debtor's bankruptcy estate. However, out of an abundance of caution, FBCS intends to provide broad notice of the filing of this chapter 7 bankruptcy case.

5

51465760.11

the mailing address and phone number of current and former employees of FBCS and other individual parties in interest.

18. Given the Incident, FBCS is highly sensitive to any overt act of disclosure through the filing and notice of this bankruptcy case and related bankruptcy documents which could put Consumers, employees and other individual parties in interest at risk of disclosure of PII, identity theft, scams, stalking or harassment.

### Basis for Relief

19. Although the public has a common law "right of access to judicial proceedings and records," *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001), the Fair Debt Collection Practices (and its interpretive federal Regulation F, at 12 CFR 1006.6(d)) clearly prohibits collection agencies from making third-party disclosures of any information related to Consumers without those Consumers' express consent. The Fair Debt Collection Practices Act itself prohibits (i) any third-party disclosures of information about Consumers and (ii) debt collectors from publishing lists of the identity of Consumers. *See* 15 U.S.C. §§ 1692(d) and 1692(e). Requiring a collection agency to publish its list of Consumers would not only potentially subject each such Consumer to a violation of their privacy, shame, and potential intrusion into their seclusion rights, but would also put FBCS in violation of the Fair Debt Collection Practices Act, Regulation F, and corollary state debt collection laws and regulations. *See, e.g.,* Pennsylvania Fair Credit Uniformity Act, Public Law 23, No. 7 (73 Pa. Stat. § 2270.4) (prohibiting debt collectors from engaging in unfair or deceptive acts or practices related to debt collection).

20. In addition, the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the

dissemination of sensitive information. *See* 11 U.S.C. § 107(c); *see also Cendant Corp.*, 260 F.3d at 194 (noting the public's right of access "is not absolute'") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal citation and quotation marks omitted).

21. Specifically, Section 107(c) of the Bankruptcy Code provides that the Court:

for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification . . . contained in a paper filed, or to be file, in a case under [the Bankruptcy Code],

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107 (c).

22. Several courts have recently expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information. *See, e.g.*, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del., Dec. 20, 2019), Dkt. No. 605 (Dec. 19, 2019 Hr'g Tr. at 60:22-25) (The Court, in overruling objection of the U.S. Trustee, noted "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 25, 2019), Dkt. No. 173 (Feb. 26, 2019 Hr'g Tr. at 88:6-12, 89:5-8) (Noting that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there"). The risks related to disclosure are not merely speculative, and the risk of identity theft or injury to the innocent individual creditors and other parties in interest (including the Consumers) outweighs the

7

presumption in favor of public access to judicial records and papers. *See In re Continental Airlines*, 150 B.R. 334, 340-41 (D. Del. 1993).

23. Furthermore, Courts in this Circuit have granted similar relief to the relief requested herein. *See, e.g., In re MVK FarmCo LLC, et al.*, No. 23-11721 (LSS) (Bankr. D. Del. Nov. 15, 2023) (authorizing the debtor to redact personally identifiable information of natural persons); *In re Am. Physician Partners, LLC*, No. 23-11469 (BLS) (Bankr. D. Del. Oct. 27, 2023) (same); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sep. 13, 2023) (same*); In re Amyris, Inc.*, No. 23-11131 (TMH) (Bankr. D. Del. Aug. 11, 2023) (same); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. Aug. 11, 2023) (same); *In re Proterra Inc, et al.*, Case No. 23-11120 (BLS) (Bankr. D. Del. Aug. 10, 2023) (same); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (same).

24. FBCS proposes to provide, on a confidential basis, an unredacted version of the creditor matrix, schedules of assets and liabilities and the statement of financial affairs and any other applicable filings to (a) the Court, (b) the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee"), and (c) the chapter 7 trustee.

25. For these reasons, FBCS respectfully submits that cause exists for this Court to seal certain records in this bankruptcy case and to authorize the Company to redact from public filings, pursuant to 11 U.S.C. § 107(c)(1), all Personally Identifiable Information of the Consumers, including name, mailing address, email address, telephone number and/or any other identifying information, as well as the address and phone numbers of current and former employees of FBCS and other individual parties in interest who are listed on the creditor matrix or any other document filed publicly with the Court. Absent such relief, FBCS would be in clear violation of state and federal laws including, without limitation, the Fair Debt Collection Practices Act and Regulation

8

51465760.11

F, and would unnecessarily disclose to the public Consumers' and individuals' information which would render such individuals more susceptible to identity theft, embarrassment, harassment and scams and could further jeopardize the safety of these individuals following the Incident.

### Notice

26. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the chapter 7 trustee of the Debtor's bankruptcy estate; (c) the office of the attorney general for each of the states in which the Company operated; (d) the United States Attorney's Office for the Eastern District of Pennsylvania; (e) the United States Department of Justice; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9014-3. FBCS submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, FBCS respectfully requests that this Court enter the proposed order granting the relief requested herein and providing such other and further relief that the Court deems just and proper.

Dated: August 29, 2024                **EVERSHEDS SUTHERLAND (US) LLP**

/s/Kymberly Kochis
Kymberly Kochis
Jennifer B. Kimble (*pro hac vice* pending)
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
kymberlykochis@eversheds-sutherland.com
Jenniferkimble@eversheds-sutherland.com

Leslie C. Bender (*pro hac vice* pending)
700 Sixth St. NW
Washington, DC 20001

9

Telephone: (202) 383-0100
Facsimile: (202) 637-3593
lesliebender@eversheds-sutherland.com

10

51465760.11