UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| FINANCIAL BUSINESS AND : | | |
| CONSUMER SOLUTIONS, INC., | : | Case No. 24-13029 AMC |
| | : | |
| Debtor. : | | |

**MOTION FOR ORDER SCHEDULING EXPEDITED
HEARING AND SHORTENING TIME PERIOD FOR NOTICE OF HEARING
ON CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
DIRECTING TURNOVER OF PROPERTY OF THE ESTATE (DEBTOR"S MAIL)**

Christine C. Shubert (the "Trustee"), the Chapter 7 Trustee for the estate of Financial Business and Consumer Solutions, Inc, (the "Debtor"), by and through her counsel, Fox Rothschild LLP, hereby files this motion (the "Motion to Expedite")[1] for entry of an Order scheduling an expedited hearing and shortening time for notice of hearing on the *Trustee's for Entry of an Order Directing Turnover of Property of the Estate (Debtor's Mail)* (the "Motion"). In support of the Motion to Expedite, the Trustee respectfully states as follows:

1. On August 28, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

3. Prior to the Petition Date, the Debtor was a nationally licensed and bonded collection agency offering pre-charge off, early out, and third-party collection services.

4. Contemporaneously herewith, the Trustee is filing the Motion. See [Docket No. 26].

---

[1] Capitalized terms not otherwise defined herein shall have their meanings as defined in the respective Motion.

162245618.2

4. As more fully set forth in the Motion, the Hatboro Post Office refused to turnover the Debtor's mail to the Trustee when she appeared in person with a letter and a copy of her appointment.

5. It is essential that the Trustee has access to the Debtor's mail in order to effectively administer this case and make decisions that are in the best interest of the estate and the Debtor's creditors.

5. The Trustee has already filed a motion to expedite the hearing on her motion to shorten and limit notice on service of notices in this proceeding and requests that in the spirit of judicial economy, the Court schedule an expedited hearing on the instant motion at the same date and time.

6. Fed. R. Bankr. P. 9006(c)(2) states that the Court may not reduce the time for taking action under certain other bankruptcy rules, none of which is applicable here. Moreover, Fed. R. Bankr. P. 2002(m) and Fed. R. Bankr. P. 9007 permit the Court to designate the form and manner in which notice must be given, and the entities to be served. See Fed. R. Bankr. P. 2002(m) (Fed. R. Bankr. P. 2002(m) provides that, "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."); see also Fed. R. Bankr. P. 9007 ("[w]hen notice is to be given under these rules, the Court shall designate, if not otherwise specified herein . . . the form and manner in which the notice shall be given").

7. By this Motion to Expedite, the Trustee requests that this Court enter an Order, pursuant to Fed. R. Bankr. P. 9006, shortening the time period and limiting notice for the Motion. **The Trustee respectfully requests that the Court schedule an expedited hearing on the Motion on September 18, 2024 at 12:30 p.m. when other motions in tis case are**

162245618.2

**scheduled**. The Trustee also requests that notice of the Motion be limited to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; (iii) the Postmaster for the Hatboro Post Office; and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

8. Accordingly, the Trustee submits that cause exists for the Court to grant this Motion to Expedite and to schedule an expedited hearing on the Motion on shortened time for notice of such hearing.

9. Counsel to the Trustee has given notice prior to filing this Motion to Expedite to the following parties by telephone, facsimile, in person, or by email: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; (iii) the Hatboro Post Office.

10. In light of the urgent nature of the Motion and the need for a hearing as soon as possible, the Trustee will serve the Motion to Expedite, the proposed form of order granting the Motion to Expedite, the Motion, and the proposed form of order granting the Motion, *via* overnight mail, Federal Express, email (including CM/ECF notice) or facsimile to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; (iii) the Postmaster at the Hatboro Post Office; and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

11. If the Court grants the Motion to Expedite, a copy of the entered Order approving this Motion to Expedite, together with notice of the Motion, shall be served by overnight mail, Federal Express or email on (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; (iii) the Postmaster for the Hatboro Post Office.

WHEREFORE, the Trustee respectfully requests the entry of an Order, in the form submitted herewith, shortening the time period and limiting notice of the hearing on the Motion.

162245618.2

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ *Martha B. Chovanes*
Michael G. Menkowitz, Esquire
Martha B. Chovanes, Esquire
2000 Market Street, Twentieth Floor
Philadelphia, PA  19103-3291
Phone (215) 299-2000/Fax (215) 299-2150

Dated:  September 12, 2024

*Proposed Counsel for Christine C. Shubert, Chapter 7 Trustee for the Debtor*

162245618.2