**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | |
| : | Chapter 7 |
| FINANCIAL BUSINESS AND CONSUMER : | |
| SOLUTIONS, INC., : | Case No. 24-13029 (AMC) |
| : | |
| Debtor. : | |
| : | |

**CHAPTER 7 TRUSTEE'S MOTION TO LIMIT NOTICE OF THE**
**341 MEETING OF CREDITORS, BAR DATE AND ANY OTHER NOTICES**
**REQUIRED IN THE CASE PURSUANT TO**
**FED. R. BANKR. P. 2002(m) and (l) AND 9007 AND 11 U.S.C. § 105(a)**

Christine C. Shubert (the "Trustee"), the Chapter 7 Trustee for the estate of Financial Business and Consumer Solutions, Inc. ("Debtor"), by and through her proposed counsel, Fox Rothschild LLP, hereby moves for entry of an order (the "Order") substantially in the form attached hereto as **Exhibit A**, pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 2002(m) and (l) and 9007: (i) establishing and approving notice procedures for the 341 meeting of creditors (the "341 Notice"), the deadline for filing claims (the "Bar Date") as well as all other notices required in this case (collectively, the "Notices"); and (ii) granting the Trustee such other and further relief as is just and appropriate under the circumstances (the "Motion"). In addition, the Trustee respectfully requests that the Motion be heard on an expedited basis and a motion requesting expedited consideration is filed contemporaneously. In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

162132145.6

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §105 and Fed. R. Bankr. P. 2002 and 9007.

## BACKGROUND

A. **General Background**

4. On August 28, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

6. Prior to the Petition Date, the Debtor was a nationally licensed and bonded collection agency offering pre-charge off, early out, and third-party collection services.

7. On or about February 27, 2024, the Debtor was the victim of a data breach (the "Data Breach"). On that date, Debtor discovered unauthorized access to certain systems in its network. The Debtor immediately took steps to secure the impacted environment and launched an investigation with the assistance of third-party computer forensics specialists to determine the full nature and scope of the incident.

8. Debtor determined that the impacted environment was subject to unauthorized access between February 14, 2024, and February 26, 2024. During this time, the unauthorized actor had the ability to view or acquire certain information on the Debtor's network. Therefore, Debtor undertook a comprehensive review of the data at risk to determine if any sensitive information could be affected and to whom it related.

162132145.6

9. The Debtor reported the Data Breach to Federal law enforcement and provided notice to potentially impacted individuals. This notification was not delayed as a result of a law enforcement investigation.

10. Debtor determined that the type of information that may have been impacted varies per person and may include consumer name, address, date of birth, Social Security number, driver's license number, other state identification number, medical claims information, provider information, and clinical information (including diagnosis/conditions, medications, and other treatment information), and/or health insurance information.

11. The Debtor's comprehensive review of the Data Breach determined that the data of up to five million individual consumers (the "Consumer Creditors") may have been disclosed due to the Data Breach. Accordingly, the Data Breach may give rise to as many as five million Consumer Creditors.

12. Although the Debtor indicated that it is not aware of any current damages as a result of the Data Breach, various Consumers Creditors have engaged approximately seventeen separate attorneys as class-action counsel. The names and addresses of all class-action counsel (the "Class Action Counsel") are included in the Debtor's Schedules.

B.  **Proposed Notice Procedures**

13. The Trustee intends to serve notice of the 341 Notices and Bar Date and all other Notices on each of the creditors listed in the Debtor's Schedules and SOFAs (the "Scheduled Creditors"). However, at an estimated cost of over $1 million, it is exorbitantly expensive to send the Notices to the potential Consumer Creditors, and the Trustee does not have the funds to do so.

14. Accordingly, the Trustee requests approval of the following notice procedures (the "Notice Procedures") for all notices required to be given in this Chapter 7 case:

    a. The Trustee will send the 341 Notice, as amended (see below) to each of the Scheduled Creditors, which includes the Class Action Counsel listed in the Schedules.

    b. The Debtor will file a creditor matrix with the Clerk's Office listing all creditors excluding the potential Consumer Creditors (the "Scheduled Creditors"). The Debtor will also file a matrix, under seal, of the potential Consumer Creditors with the Clerk's Office.

    c. The 341 Notice will contain the usual information contained in a 341 notice but will also include information noting that (i) the Chapter 7 Trustee has engaged Stretto as her notice agent and (ii) informing creditors that the documents and notices in this chapter 7 case will be listed on the Stretto website. A proposed Amended 341 Notice is attached hereto as **Exhibit B**.

    d. The 341 Notice, as amended, will be published in the Philadelphia Inquirer and USA Today newspapers to provide notice of this chapter 7 case and the process by which potential creditors may obtain information about the case.

    e. Further, co-lead class-action counsel to the Consumer Creditors ("Class Action Counsel") has agreed to accept service of all Notices on behalf of the Consumer Creditors. A copy of the stipulation between the Trustee and Class Action Counsel is attached hereto as **Exhibit C**.[1]

    f. Additionally, counsel to the Trustee will establish a dedicated email address and dedicated telephone number for Consumer Creditors to make inquiries. The telephone number and email address will also be listed on the Stretto website.

16.     These Notice Procedures will best ensure that the creditors with claims against the Debtor will be able to participate in the case within the practical limitations of the assets available to the Trustee for noticing creditors.

## RELIEF REQUESTED

17.     By and through this Motion, the Trustee seeks entry of an Order establishing the Notice Procedures set forth above to ensure that interested parties are provided with reasonable

---

[1] A Motion pursuant to Fed. R. Bankr. P. to approve the Stipulation attached as Exhibit C will be filed with the Court shortly.

notice of this chapter 7 case, and to reduce the costs of providing notice and streamline the bankruptcy process. The Notice Procedures will:

a. designate the parties upon whom all Notices will be served and the process to serve them;

b. wave the requirement for the Trustee to serve all potential Consumer Creditors; and

c. provide an alternative means of access to the Court's docket and relevant information regarding the case via the Stretto website.

## BASIS FOR RELIEF REQUESTED

18. The notice provisions contained in the Federal Rules of Bankruptcy Procedure seek to balance the due process rights of potential claimants and "one of the principal purposes of bankruptcy law, to secure within a limited period the prompt and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). On the one hand, "[d]ue process requires notice [of the claims bar date] that is <u>reasonably calculated to reach all interested parties</u>, reasonably conveys all the required information, and permits a reasonable time for a response." *Id*. at 346 (emphasis added). On the other hand, the Federal Rules of Bankruptcy Procedure empower the Court to establish a claims bar date (setting an outside date by which creditors must file proofs of claim) and grant the Court general authority to regulate notice. Fed. R. Bankr. P. 3003(c)(3) and 9007. The proposed Notice Procedures are consistent with these balancing principals because: (1) they fall within the Court's authority to regulate notice requirements and Third-Circuit case law; and (2) they will provide known creditors and potential Consumer Creditors with reasonable notice of the 341 meeting and bar date and minimize the financial burden on the Debtor's estate without diminishing creditor participation.

5

162132145.6

A. **The Bankruptcy Rules and Third-Circuit case law authorize the Court to regulate notice requirements.**

19. Bankruptcy Rule 9007 grants the Court general authority to regulate notice. See Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."). The Bankruptcy Rules further provide that "the court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m).

20. In addition, Fed. R. Bankr. P. 2002(l) provides "The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice."

21. Further, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles. Specifically, section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a).

22. Finally, courts in the Third Circuit authorize the publication of bar date notices in national newspapers when the financial burden on the Debtor's estate to provide additional notice would be prohibitive and ultimately determinative to creditor recoveries. *See, e.g., Chemetron,* 72 F.3d at 348 (holding that Debtor's notice published in the *New York Times* and the *Wall Street*

162132145.6

*Journal* was sufficient to provide unknown creditors with constructive notice of the [claims bar date] and satisfied the requirements of due process); *In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 49 (Bankr. D. Del. 2012) (holding that publication of the bar date notice in the national edition of *The Wall Street Journal* was reasonable and constitutionally adequate notice for unknown creditors where publication in local or regional newspapers would have "consumed a disproportionate share of the Debtor's resources").

23. Accordingly, the proposed Notice Procedures fall within the Court's authority to regulate notice requirements and Third-Circuit case law regarding publication of bar date notices.

**B. The Notice Procedures will provide known creditors and potential Consumer Creditors with reasonable notice of the 341 meeting, the Bar Date and all other Notices in the case and minimize the financial burden on the Debtor's estate without diminishing creditor participation.**

24. As noted above, the proposed Notice Procedures will provide actual notice to all known creditors listed in the Debtor's Schedules and SOFAs, and will provide notice to all potential Consumer Creditors through notice to them by their Class Action Counsel and publication of the 341 Notice and the Bar Date in two newspapers – one regional and one national. This approach is within the Court's authority to regulate notice, consistent with accepted procedures in the Third Circuit for notification of unknown creditors through publication and will result in a savings of an estimated $1 million to the Debtor's estate for the ultimate recovery of creditors.

25. The Trustee, therefore, contends that adopting the proposed Notice Procedures will fulfill all due process obligations and result in substantial cost savings to the Debtor's estate.

26. Limited notice procedures are routinely granted by bankruptcy courts in large chapter 11 and 7 cases in order to reduce the expense of the administration of the estate. For these

162132145.6

reasons, the Trustee submits that the Notice Procedures are appropriate and should be approved and implemented in this case.

## NOTICE

27. This Motion will be provided to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; and (iii) all creditors requesting notice pursuant to 2002. Upon acceptance or denial of the Request for Expedited Consideration, the Order Granting Expedited Hearing or the Notice of Motion, the Motion and the proposed order will be served upon: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; (iii) the Scheduled Creditors; and (iv) all creditors requesting notice pursuant to 2002. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order: (i) granting the Motion; (ii) establishing and approving the Notice Procedures; and (iii) granting the Debtor such other and further relief as is just and appropriate under the circumstances.

**FOX ROTHSCHILD LLP**

By: */s/ Martha B. Chovanes*
Michael G. Menkowitz, Esquire
Martha B. Chovanes, Esquire
2000 Market Street, Twentieth Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2000
Fax (215) 299-2150
mmenkowitz@foxrothschild.com
mchovanes@foxrothschild.com

*Proposed Attorneys for Christine C. Shubert, Chapter 7 Trustee for the estate of Financial Business and Consumer Solutions, Inc.*

Dated:  September 12, 2024