# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>f/d/b/a Federal Bond & Collection Service, Inc.<br>d/b/a FBCS, Inc.<br>d/b/a F C B S<br>d/b/a F.B.C.S.<br>d/b/a FCBS Service<br>d/b/a Fbcs Service<br>d/b/a FBCS SERVICE<br>d/b/a Financial Business & Consumer Solutions, Inc.<br>f/d/b/a Federal Bond<br>f/d/b/a Fed Bond<br>f/d/b/a Federal Bond & Collection SV Inc.<br><br>                Debtor | CHAPTER 7<br><br>BANKRUPTCY NO. 24-13029 (AMC) |
| CHRISTINE C. SHUBERT,<br>Chapter 7 Trustee for the Estate of<br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>f/d/b/a Federal Bond & Collection Service, Inc.<br>d/b/a FBCS, Inc.<br>d/b/a F C B S<br>d/b/a F.B.C.S.<br>d/b/a FCBS Service<br>d/b/a Fbcs Service<br>d/b/a FBCS SERVICE<br>d/b/a Financial Business & Consumer Solutions, Inc.<br>f/d/b/a Federal Bond<br>f/d/b/a Fed Bond<br>f/d/b/a Federal Bond & Collection SV Inc.<br><br>                Plaintiff,<br><br>   v.<br><br>CITIZEN'S FINANCIAL GROUP,<br><br>                Defendant. | ADVERSARY NO. 24- |

1

162583577.1

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, FOR TURNOVER OF PROPERTY OF THE DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. § 542**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the estate of Financial Business and Consumer Services, Inc., f/d/b/a Federal Bond & Collection Service, Inc., d/b/a FBCS, Inc., d/b/a F B C S, d/b/a F.B.C.S., d/b/a FCBS Service, d/b/a Fbcs Service, d/b/a FBCS SERVICE, d/b/a Financial Business & Consumer Solutions, Inc., f/d/b/a Federal Bond f/d/b/a Fed Bond, f/d/b/a Federal Bond & Collection SV Inc. (the "**Debtor**" or "**FBCS**"), brings this complaint (the "**Complaint**"), pursuant to Fed. R. Bankr. P. 7001, for turnover of the Account Balances (as defined below) as property of the Debtor's estate pursuant to 11 U.S.C. § 542 and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (E), and (0).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**") pursuant to 28 U.S.C. § 1409(a).

4. This adversary complaint is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks turnover from the Defendant (as defined below) of the Account Balances to the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 542.

**PARTIES**

5. Plaintiff is Christine C. Shubert, the Chapter 7 Trustee for the Debtor's estate.

2

162583577.1

6. Defendant, Citizen's Bank, NA (the "**Defendant**") is an entity which maintains a place of business at 1417 Walnut Street, Philadelphia, PA 19102.

## II. FACTUAL BACKGROUND

### A. Bankruptcy and Procedural Background

7. On August 29, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

8. On September 29, 2024, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtor's estate ( the "**Trustee**"), which appointment remains in effect.

### B. Account Balance Owed to the Bankruptcy Estate

9. Prior to the Petition Date, the Debtor opened numerous bank accounts (the "**Accounts**") with the Defendant.

10. As of September 29, 2024, as noted on the Schedules, [D.I. 7] FBCS owned the following thirty-one (31) bank accounts at Citizen's Bank with the following account balances (collectively, the "**Account Balances**") as follows:

   a. Account with the last four numbers 6217 in the amount of $132,386.00;

   b. Account with the last four numbers 7946 in the amount of $847.00;

   c. Account with the last four numbers 5201 in the amount of $1,633,106.00;

   d. Account with the last four numbers 6209 in the amount of $921.00;

   e. Account with the last four numbers 8508 in the amount of $72.00;

   f. Account with the last four numbers 7946 in the amount of $847.00;

   g. Account with the last four numbers 9969 in the amount of $50.00

   h. Account with the last four numbers 0614 in the amount of $50.00;

   i. Account with the last four numbers 8677 in the amount of $50.00;

j. Account with the last four numbers 4191 in the amount of $50.00;

k. Account with the last four numbers 5614 in the amount of $50.00;

l. Account with the last four numbers 2438 in the amount of $50.00;

m. Account with the last four numbers 7567 in the amount of $500.00;

n. Account with the last four numbers 8548 in the amount of 10,496.00;

o. Account with the last four numbers 3480 in the amount of $50.00;

p. Account with the last four numbers 5367 in the amount of $50.00;

q. Account with the last four number 4019 in the amount of $50.00;

r. Account with the last four numbers 8057 in the amount of $200.00;

s. Account with the last four numbers 3496 in the amount of $ 48,892.00;

t. Account with the last four numbers 0295 in the amount of $196.00;

u. Account with the last four numbers 9004 in the amount of $50.00;

v. Account with the last four numbers 3910 in the amount of $50.00;

w. Account with the last four numbers 4813 in the amount of $50.00;

x. Account with the last four numbers 5350 in the amount of $5,100.00;

y. Account with the last four numbers 4107 in the amount of $50.00;

z. Account with the last four numbers 4467 in the amount of $50.00;

aa. Account with the last four numbers 4402 in the amount of $50.00;

bb. Account with the last four numbers 3684 in the amount of $50.00;

cc. Account with the last four numbers 1264 in the amount of $4,132.00;

dd. Account with the last four numbers 6282 in the amount of $500.00;

ee. Account with the last four numbers 5387 in the amount of $50.00.

11. Upon information and belief, Defendant may be holding funds in other accounts owned by Debtor FBCS.

## COUNT ONE
### (Turnover of Account Balance Pursuant to 11 U.S.C. § 542)

12. The Trustee repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

13. Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." See, 11 U.S.C. § 54l(a)(l).

14. The Account Balances are property of the Debtor's bankruptcy estate under Section 541 because they constitute a "legal or equitable interest of the debtor in property as of the commencement of the case." As such, the Account Balances are subject to turnover pursuant to 11U.S.C. § 542.

15. Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of the Debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542.

16. Further, Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account for such property or the value related thereto.

17. The Account Balances are property of the Debtor's bankruptcy estate pursuant to Section 541.

18. The Defendant is in possession, custody, and/or control of the Account Balances.

19. The Trustee may use, sell, or lease the Account Balances under 11 U.S.C. § 363.

5

20.     The Account Balances are valuable and beneficial to the Debtor's bankruptcy estate.

21.     Turnover of the Account Balances is appropriate pursuant to 11 U.S.C. § 542.

22.     Accordingly, the Account Balances are property of the Debtor's estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

23.     The Declaration of the Plaintiff in Support of this Complaint is attached hereto as Exhibit "A" and made a part hereof.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in her favor and against the Defendant:

    a.    declaring that the Account Balances are property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, finding that the Account Balances are subject to turnover pursuant to 11 U.S.C. § 542, and directing the turnover of the Account Balances (and all other bank account balances in the Debtor's name) to the Trustee immediately in accordance with 11 U.SC. § 542;

    b.    compelling the Defendant to close the Accounts and all other bank accounts in the Debtor's name;

    c.    compelling the Defendant to provide an accounting of the Accounts and all other bank accounts in the Debtor's name;

    d.    awarding pre- and post-judgment interest on the Account Balances and all other bank account balances in the Debtor's name;

    e.    awarding attorneys' fees and costs; and

    f.    awarding the Trustee such other and further relief as may be just and proper.

Respectfully submitted,

FOX ROTHSCHILD LLP

By:   /s/ Martha B. Chovanes
Martha B. Chovanes
Michael G. Menkowitz
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000
mchovanes@foxrothschild.com
mmenkowitz@foxrothschild.com

Dated: September 13, 2024

*Proposed Counsel for the Plaintiff/Trustee*

162583577.1