**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.<br><br>　　　　Debtor. | **Chapter 7**<br><br>**Case No. 24-13029** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE, AND THE CLASS ACTION CLAIMANTS**

Christine C. Shubert, Chapter 7 Trustee ("Trustee") for the estate of Financial Business and Consumer Services, Inc. (the "Debtor"), by and through her proposed attorneys, Fox Rothschild LLP, requests the entry of an Order approving the Stipulation (the "Stipulation") by and among the Trustee, and Plaintiffs David Robert Haseltine, Natalie Castellanos Flores, Daniel Wallace, Jeffrey Ellison, Daniel Krauser, Amelio Osorio, Mickey Hwang, Ronnie Morrow, Sr., Evelyn Malone, Deborah Reynolds, and Dan Whatley ("Plaintiffs"), on behalf of themselves and the proposed class (together with Plaintiffs, "Plaintiffs and the Proposed Class") pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1.　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.　Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

162621608.1

# BACKGROUND[1]

A.   **Bankruptcy Procedural Background**

4.   On August 29, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

5.   On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

B.   **Bankruptcy Factual Background**

6.   Prior to the Petition Date, the Debtor was a nationally licensed and bonded collection agency offering pre-charge off, early out, and third-party collection services.

7.   On or about February 27, 2024, the Debtor was the victim of a data breach (the "Data Breach"). On that date, Debtor discovered unauthorized access to certain systems in its network. The Debtor immediately took steps to secure the impacted environment and launched an investigation with the assistance of third-party computer forensics specialists to determine the full nature and scope of the incident.

8.   Debtor determined that the impacted environment was subject to unauthorized access between February 14, 2024, and February 26, 2024. During this time, the unauthorized actor had the ability to view or acquire certain information on the Debtor's network. Therefore, Debtor undertook a comprehensive review of the data at risk to determine if any sensitive information could be affected and to whom it related.

9.   The Debtor reported the Data Breach to Federal law enforcement and provided notice to potentially impacted individuals. This notification was not delayed as a result of a law

---

[1] All terms not defined herein shall have the meaning given in the Stipulation.

enforcement investigation.

10. Debtor determined that the type of information that may have been impacted varies per person and may include consumer name, address, date of birth, Social Security number, driver's license number, other state identification number, medical claims information, provider information, and clinical information (including diagnosis/conditions, medications, and other treatment information), and/or health insurance information.

11. The Debtor's comprehensive review of the Data Breach determined that the data of up to five million individual consumers (the "Consumer Creditors") may have been disclosed due to the Data Breach. Accordingly, the Data Breach may give rise to as many as five million Consumer Creditors.

12. Although the Debtor indicated that it is not aware of any current damages as a result of the Data Breach, various Consumers Creditors have engaged approximately seventeen separate attorneys as class-action counsel. The names and addresses of all class-action counsel (the "Plaintiffs' Interim Counsel") are included in the Debtor's Schedules.

13. On August 29, 2024, Debtor's counsel filed a motion to seal the addresses and names of the employees of the Debtor as well as the names of the Consumer Creditors [Docket No. 6]. Debtor did file a list of its creditors that are listed on the Debtor's Schedules and SOFA (the "Scheduled Creditors").

14. The Trustee and her counsel had numerous discussions with the Office of the United States Trustee with respect to the process and costs to send bankruptcy related notices to the Scheduled Creditors and the Consumer Creditors.

15. Although the Trustee would eventually have approximately $3 million in the Debtor's estate (the "Estate Fund"), it was apparent that sending notices to the Consumer Creditors would

3

completely deplete the estate. In fact, one noticing agent advised that even sending a post card would cost over $2 million to send to the Consumer Creditors.

16. Accordingly, the Trustee reached out to the Plaintiff's Interim Counsel for the Consumer Creditors to determine whether they would accept service of the bankruptcy notices to the Consumer Creditors.

### C.  Negotiation of the Agreement Between the Parties

17. The Trustee and the Consumer Creditors, through their counsel, have conducted extensive, arms-length negotiations to resolve issues relating to service as well as other issues, including the subordination of any Consumer Creditor claims allowing all other creditors to get paid prior to the Consumer Creditors.

18. In order to settle and resolve any and all issues with respect to the alleged claims of the Consumer Creditors and the Trustee, the Parties seek to enter the Stipulation on the terms set forth therein. A copy of the Stipulation is attached hereto as **Exhibit "A"** and incorporated by reference herein.[2]

### D.  Salient Provisions of the Agreement

19. The Chapter 7 Trustee for the Estate of Financial Business and Consumer Solutions, Inc. and Plaintiffs David Robert Haseltine, Natalie Castellanos Flores, Daniel Wallace, Jeffrey Ellison, Daniel Krauser, Amelio Osorio, Mickey Hwang, Ronnie Morrow, Sr., Evelyn Malone, Deborah Reynolds, and Dan Whatley, on behalf of themselves and the proposed class have entered into the Stipulation.

20. A summary of the pertinent terms of the Stipulation are as follows:

---

[2] A copy of the Stipulation is also attached to the proposed form of Order as **Exhibit "A"**, and incorporated by reference therein.

a. Plaintiffs' Interim Counsel will accept notice of the Bankruptcy Action pursuant to Bankruptcy Rule 2002 on behalf of Plaintiffs and the Proposed Class members.

b. Plaintiffs will file a subordinated unsecured Proof of Claim in the Bankruptcy Action on or before the Bar Date established by the Court, which will be allowed by the Trustee in the amount filed.

c. Following the payment by the Trustee of all other creditors, the remainder of the Estate Fund will be paid to Plaintiffs' Interim Counsel for the benefit of Plaintiffs and the Proposed Class.

d. Trustee agrees to submit a consent order seeking relief from the automatic stay for Plaintiffs and the Proposed Class. Plaintiffs' Interim Counsel can pursue claims on behalf of Plaintiffs and the Proposed Class against the Debtor for purposes of recovering all funds under all applicable cybersecurity insurance policies..

e. Trustee will recommend to Insurer that it tender the entirety of remaining Insurance Policy to Plaintiffs' Interim Counsel for the benefit of Plaintiffs and the Proposed Class.

f. the Trustee agrees further to assign to Plaintiffs all rights to pursue any litigation against Insurer under the Insurance Policy (or any other applicable insurance policies), including but not limited to recovering the remaining Insurance Policy proceeds (including any coverage litigation).

g. Trustee further agrees to allow the Plaintiffs to name the Debtor as a nominal party in future actions that Plaintiffs may bring against Debtor's customers.

h. Trustee will use her best efforts to locate and provide the following information to Plaintiffs' Interim Counsel as soon as possible:

   i. Forensic reports, post-breach analyses, or similar documents that detail the root cause of the Data Breach, when the Data Breach occurred, how Debtor learned of the Data Breach, how Debtor responded to the Data Breach, how Debtor identified victims of the Data Breach, and the identity of the persons who orchestrated the Data Breach (if known);

   ii. Any written communications between Debtor and any state or federal regulatory or law enforcement agency (e.g., any states' Attorney General, the Federal Trade Commission, Homeland Security, or the Federal Bureau of Investigation) concerning the Data Breach;

162621608.1

    iii. The number of persons whose information was potentially or actually compromised and/or exfiltrated in the Data Breach, the categories of information potentially or actually compromised and/or exfiltrated as to such persons (including a description of the process undertaken to make that determination), broken down by state of residence;

    iv. All documents related to any ransomware demand made to Debtor by third parties, and whether or not such ransom was paid;

    v. All reports of data misuse or identity theft of Plaintiffs and the Proposed Class members (including, but not limited to dark web activity) related to the Data Breach, of which Debtor is aware;

    vi. The number of individuals to whom Debtor or anyone on its behalf provided direct notice of the Data Breach, or to whom Debtor intends to provide direct notice of the Data Breach, broken down by each state and including whether that notice was by email or United States Postal Service;

    vii. The names, addresses, and email addresses Debtor possess for Plaintiffs and the Proposed Class members;

    viii. Declaration pages for all insurance policies potentially applicable to this lawsuit and/or the Data Breach, including excess policies;

    ix. Any indemnification arrangement with any outside vender or other third party or any related party concerning the Data Breach;

    x. A list of all of Debtor's customers, including but not limited to those who originally provided the PII of Plaintiffs and the Proposed Class members to Debtor; and

    xi. The contracts between Debtor and all of Debtor's customers and intermediaries.

i. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to all of the issues or matters set forth or referenced in this Stipulation.

162621608.1

**RELIEF REQUESTED**

21. By and through this Motion, the Trustee seeks entry of an Order authorizing and approving the Stipulation pursuant to Bankruptcy Rule 9019.

**BASIS FOR RELIEF REQUESTED**

22. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

23. The Trustee is obligated to maximize the value of the estate and make her decisions in the best interests of all of the creditors of the estate. See Martin, 91 F.3d at 394. The Trustee believes that, in her business judgment, entry of the Stipulation is in the best interests of the estate and all of the creditors. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. See Martin, 91 F.3d at 395.

24. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. (citation omitted).

25. The Parties engaged in good faith, arms-length settlement negotiations in entering into the Stipulation.

26. The Stipulation should be approved because (i) sound business justification supports it, (ii) it is reasonable, and (iii) the four (4) Martin factors weigh in favor of approval. In

light of, among other things, the significant costs associated with serving all creditors, including the Consumer Creditors, and the cost of potentially litigating the validity of the claims of the Consumer Creditors, and the agreement of the Consumer Creditors to subordinate their claims against the estate to all other creditors, the Trustee submits, in the exercise of her business judgment, that the Stipulation proposed herein is reasonable, will maximize the benefit to the estate with the least cost, and will increase the amount of proceeds that can be distributed to all creditors. The Trustee believes that the paramount interest of the creditors favors approval of the Stipulation.

27. Therefore, based on the foregoing, the Court's approval of the Stipulation is appropriate and in the best interest of the estate and its creditors.

## NOTICE

28. This Motion has been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; (iii) the Scheduled Creditors (all creditors other than the Consumer Creditors); (iv) Plaintiff's Interim Counsel; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002 at the time the Trustee filed the Motion. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing

and approving the Stipulation pursuant to Bankruptcy Rule 9019, and granting such other and further relief as the Court deems appropriate.

          Respectfully submitted,

          **FOX ROTHSCHILD LLP**

          By: */s/ Michael G. Menkowitz*
          Michael G. Menkowitz, Esquire
          2000 Market Street, Twentieth Floor
          Philadelphia, PA  19103-3222
          Phone (215) 299-2000/Fax (215) 299-2150
          mmenkowitz@foxrothschild.com
          mchovanes@foxrothschild.com

          *Proposed Attorneys for Christine C. Shubert, Chapter 7 Trustee for the estate of Financial Business and Consumer Services, Inc.*

Dated:  September 18, 2024

162621608.1