# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS, INC.,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy Case No. 24-13029 (AMC) |

## CLASS ACTION PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs David Robert Haseltine, Natalie Castellanos Flores, Daniel Wallace, Jeffrey Ellison, Daniel Krauser, Amelio Osorio, Mickey Hwang, Ronnie Morrow, Sr., Evelyn Malone, Deborah Reynolds, and Dan Whatley ("Class Action Plaintiffs") in the putative class action titled *Haseltine, et al. v. Financial Business and Consumer Solutions, Inc., et al.*, No. 2:24-cv-01876-NIQA (the "Consolidated Class Action") pending in the United States District Court for the Eastern District of Pennsylvania move this Court to enter a Protective Order and, in support thereof, state as follows:

### *Procedural and Factual Background*

1. This proceeding (the "Bankruptcy Action") was commenced by a Chapter 7 Voluntary Petition for Non-Individual filed by Financial Business and Consumer Solutions, Inc. ("Debtor") on August 29, 2024 ("Petition Date"). (D.I. 1). On the same day, the Office of the United States Trustee appointed Christine C. Shubert (the "Trustee") as Chapter 7 trustee, which appointment remains in effect.

2. Prior to the Petition Date, the Debtor was a nationally licensed debt collection agency specializing in the collection of unpaid consumer debts, including, but not limited to, those related to credit, healthcare, commercial auto loans and leases, student loans, utilities, and other accounts.

3. On or about February 27, 2024, the Debtor was the victim of a data breach (the "Data Breach"). On that date, Debtor discovered unauthorized access to certain systems in its network. The Debtor immediately took steps to secure the impacted environment and launched an investigation with the assistance of third-party computer forensics specialists to determine the full nature and scope of the incident.

4. Debtor determined that the impacted environment was subject to unauthorized access between February 14, 2024 and February 26, 2024. During this time, the unauthorized actor had the ability to view or acquire certain information on the Debtor's network.

5. Debtor reported the Data Breach to Federal law enforcement and provided notice to potentially impacted individuals.

6. Debtor determined that the type of information that may have been impacted varies per person and may include consumer name, address, date of birth, Social Security number, driver's license number, other state identification number, medical claims information, provider information, and clinical information (including diagnosis/conditions, medications, and other treatment information), and/or health insurance information.

7. Debtor's comprehensive review of the Data Breach determined that the data of over 4 million (and perhaps more) individual consumers may have been disclosed due to the Data Breach. Accordingly, the Data Breach may give rise to over four million individuals (generally referred to in this bankruptcy proceeding as "Consumer Creditors").

8. Following the public announcement of the Data Breach in April 2024, several class actions were commenced by the Class Action Plaintiffs against Debtor on behalf of all Consumer Creditors. These were eventually consolidated within the Consolidated Class Action.

9. The following counsel were appointed as Interim Co-Lead Counsel in the Consolidated Class Action:

- **Andrew W. Ferich** of Ahdoot & Wolfson, PC;
- **Jeff Ostrow** of Kopelowitz Ostrow P.A.;
- **Charles E. Schaffer** of Levin Sedran & Berman, LLP; and
- **John A. Yanchunis** of Morgan & Morgan.

10. In order to settle and resolve any and all issues with respect to the alleged claims of the Class Action Plaintiffs and the Trustee, Class Action Plaintiffs and the Trustee sought to enter into a stipulation settling Class Action Plaintiffs' claims against the Debtor.

11. On September 18, 2024, the Trustee filed a motion to approve a compromise under Local Bankruptcy Rule 9019 with the Consumer Creditors. (D.I. 51).

12. The settlement agreement between the Trustee and Consumer Creditors was approved by this Court on November 7, 2024. (D.I. 149).

13. Plaintiffs filed a proof of claim in the Bankruptcy Action for $1,920,000,000.00.

14. The Bankruptcy Action is continuing and Plaintiffs anticipate receiving the above-mentioned cash and accounts receivable, or some portion of it, at the conclusion of the Bankruptcy Action.

*<u>Parallel "Spoke Actions"</u>*

15. Debtor had contractual relationships with companies that do business directly with individuals and used Debtor to collect their customers' delinquent consumer accounts ("Debtor's Customers"). For example, when an individual opens an account with a company such as Comcast, for the provision of cable, internet, or other services, and then fails to pay the bill, the individual's account could end up the subject of Debtor's collection efforts.

16. When the Debtor's Customers turn over their inventory of delinquent accounts to Debtor for collection, they often provide accountholders' (i.e., the delinquent consumers') sensitive personally identifiable information ("PII"), such as their Social Security numbers, which had been entrusted for safekeeping to the Debtor's Customers.

17. Class Action Plaintiffs initially filed their complaints only against Debtor on behalf of millions of putative class members impacted in the Data Breach. At that time, Plaintiffs were unaware of the identity of the Debtor's Customers. Had Plaintiffs known who they were when they filed the Consolidated Class Action, Plaintiffs would have named the Debtor's Customers as additional defendants under a theory that Debtor and the Debtor's Customers have a shared duty to protect Class Action Plaintiffs' and other putative class members' sensitive information and are jointly and severally liable for all damages resulting from the Data Breach.

18. This type of relationship is commonly known in data breach class actions as a "hub-and-spoke," a reference to the hub of a wheel and its spokes. Here, Debtor is the hub and the Debtor's Customers are the spokes. Class Action Plaintiffs and putative class members gave their sensitive personal information to the Debtor's Customers who, in turn, handed that information to Debtor as part of efforts to collect upon delinquent consumer accounts.

19. Interim Class Counsel filed a number of actions against Debtor's Customers (collectively, "Spoke Actions"). These actions include:

- *Thomas v. Comcast Cable Communications LLC and Comcast Corporation*, No. 2:24-cv-05403-NIQA, filed on October 8, 2024;

- *Martinez v. Kohl's, Inc.*, No. 2:24-cv-05405-NIQA, filed on October 9, 2024;

- *Capozzi v. Merrick Bank*, No. 2:24-cv-05420-NIQA, filed on October 9, 2024;

4

- *Ulbrich v. Elan Financial Services*, No. 2:24-cv-05419-NIQA, filed on October 9, 2024;

- *Popescu v. CF Medical, LLC d/b/a CAPIO*, No. 2:24-cv-05443-NIQA, filed on October 10, 2024;

- *Pickering v. Envision Healthcare Operating Inc.*, No. 2:24-v-05472-NIQA, filed on October 14, 2024;

- *Smith v. First Portfolio Ventures I, LLC*, No. 2:24-cv-05864-NIQA, filed on October 31, 2024;

- *Mitchell v. Cascade Capital Funding, LLC*, No. 2:24-cv-06075-NIQA, filed on November 13, 2024;

- *Arrington v. First Financial Investment Fund III, LLC*, No. 2:24-cv-06650-NIQA, filed on December 12, 2024; and

- *Hamilton v. Ally Financial Inc.*, No. 2:25-cv-00629-NIQA, filed on February 5, 2025.

20.  In the Spoke Actions, Class Action Plaintiffs allege that each Debtor's Customer and Debtor share in the liability to each class member who had their data disclosed. There are a number of legal claims against the hub and spokes, but the common thread is negligence.

21.  Plaintiffs allege each Debtor's Customer was negligent in the manner they maintained and protected sensitive consumer information and vetted and selected Debtor as a vendor for debt collection services. Plaintiffs allege Debtor was negligent in the way it received, stored, maintained, and protected (or failed to protect) that information from Debtor's Customers. In these types of cases, it is typical for plaintiffs to sue the hub and spokes in a single action as all claims arise out of the same data incident.

22. Interim Class Counsel intends on filing additional actions as the identities of other Debtor's Customers—which are known to and in the possession of Debtor—become available to Interim Class Counsel. Each of those Actions has been filed in this District as a Related Action, and all are pending before this Court.

23. Following the lifting of the automatic stay against Debtor (D.I. 174), Plaintiffs amended the complaints in the actions listed above to include Debtor as a nominal co-defendant. Plaintiffs do not intend to seek any affirmative relief against Debtor other than to include them as a necessary party in this Data Breach litigation and for future settlement purposes.

24. In order to facilitate the exchange of information between Trustee and Class Action Plaintiffs, and to ensure that victims of the Data Breach are not re-victimized by the disclosure of their sensitive PII, a protective order is required.

## RELIEF REQUESTED

25. By and through this Motion, Consumer Creditors seek entry of a Protective Order.

26. A proposed draft Protective Order is attached hereto as **Exhibit "A".**

## BASIS FOR RELIEF REQUESTED

27. The Consolidated Class Action arises from a Data Breach in which millions of people lost their sensitive PII. Implementing the settlement (and potentially additional settlements against other defendants) in that case will necessarily involve the exchange of sensitive and personal information, including PII, and must be subject to a reasonable protective order.

28. Federal Rule of Civil Procedure 26(c) provides, in part: "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."

29. A protective order pursuant to Fed. R. Civ. P. 26(c) is applicable to adversary proceedings and contested matters through Fed. R. Bankr. P. 7026 and 9014. Such an order would prevent the disclosure of specified information involved in civil discovery under certain circumstances.

30. Interim Co-Lead Counsel for Class Action Plaintiffs conferred with counsel for the Trustee, and the Trustee consents to the proposed Protective Order.

31. Class Action Plaintiffs circulated a draft consent Protective Order to counsel for Defendants in the Spoke Actions on February 7, 2025. None has responded.

## NOTICE

32. This Motion has been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtor; and (iii) the Scheduled Creditors (all creditors other than Class Action Plaintiffs).

33. Class Action Plaintiffs submit that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, Class Action Plaintiffs respectfully request that this Court enter a Protective Order and granting such other relief as the Court deems appropriate.

Dated: February 20, 2025

Respectfully submitted,

Andrew W. Ferich (PA I.D. 313696)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: 310-474-9111
aferich@ahdootwolfson.com

7

Jeff Ostrow (admitted *pro hac vice*)
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
ostrow@kolawyers.com

Charles E. Schaffer (PA I.D. 76259)
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
cschaffer@lfsblaw.com

John A. Yanchunis (*pro hac vice* to be filed)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel: 813-223-5505
JYanchunis@forthepeople.com

*Interim Co-Lead Counsel for Class Action Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of February, 2025, I caused the foregoing document to be filed using the CM/ECF system, thereby causing a notice of electronic filing to be served upon all counsel of record.

                _____
                Andrew W. Ferich (PA I.D. 313696)