# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS, INC.,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy Case No. 24-13029 (AMC) |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, to facilitate the exchange of discovery material, assist with the resolution of potential disputes over confidentiality, and protect against improper disclosure of Discovery Material entitled to protection under Federal Rule of Civil Procedure 26(c), Interim Co-Lead Counsel for Class Action Plaintiffs asked that this Court issue a Protective Order, which shall govern the above-captioned action and any actions subsequently consolidated with this case.

WHEREAS, pursuant to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), good cause exists for the entry of a narrowly tailored order pursuant to this Court's authority under Fed. R. Civ. P. 26(c), the Court's Policies and Procedures, and the consent of the Parties;

WHEREAS, the Court retains the right to allow disclosure of any subject covered by this order or to modify this order at any time in the interest of justice;

**It is hereby ORDERED as follows:**

1. **Definitions.**

   (a) "Acknowledgement" means the "Acknowledgement and Agreement to Be Bound," attached as Attachment A to this order, wherein a signatory agrees to comply with the terms and conditions of this order.

(b) "Action" means the above-captioned action, *In re Financial Business & Consumer Solutions, Inc.*, No. 24-13029 (AMC) (E.D. Pa. Bankr.).

(c) "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

(d) "Confidential Information" means any Discovery Material that: (i) is not otherwise already public or in the public domain (unless through a violation of this order); and (ii) falls within one or more of the following categories:

(1) Information prohibited from disclosure by statute or contractual agreement;

(2) Confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(l)(G) in the possession of a party or person;

(3) Materials relating to internal information governance, information technology architecture, and data security, including information that a Party reasonably believes could provide information helpful to bad actors who would want to attempt to compromise the security of a Party's information technology architecture;

(4) Materials relating to internal and/or law enforcement investigations into data security incidents;

(5) Any remedial steps taken in response to data security incidents;

(6) Financial information not publicly filed with any federal or state regulatory authority;

(7) Personnel compensation, evaluations, or other private employment information;

(8) Sensitive personally identifiable information ("PII") such as personal home addresses, personal phone numbers, personal email addresses, Social Security numbers; driver's license numbers or other state or national ID numbers, financial account numbers, payment card information, medical information, password, login credentials or an answer to a security question, or biometric identifiers or markers (e.g., fingerprint, facial recognition pattern); and

   (9) Trade secrets within the meaning of Fed. R. Civ. P. 26(c)(l)(G) in the possession of such Party or person.

 (e) "Designating Party" means a Party or non-party that designates Discovery Material as "CONFIDENTIAL."

 (f) "Designated Material" means any material designated as Confidential Information under the terms of this order.

 (g) "Discovery Material" means all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in this Action. Discovery Material includes any material produced, filed, or served by any Party or person during discovery in this Action, or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents, ESI, and tangible things produced by a Party or non-party (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

 (h) "Document" is synonymous with the meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1).

 (i) "ESI" or "Electronically Stored Information" is synonymous with the meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1).

 (j) "Party" means any current or future named plaintiff or defendant in this Action, including all of any corporate party's employees, officers, directors, and principals acting or purporting to act on their behalf.

 (k) "Producing Party" means any Party or non-party who produces Discovery Material pursuant to discovery or a subpoena in this Action.

(l) "Protected Discovery Material" means Discovery Material subject to a protection under the attorney-client privilege or attorney work-product doctrine.

(m) "Receiving Party" means a Party or non-party to whom Discovery Material is produced.

2. **Scope**. All Discovery Material, regardless of the medium or manner generated, stored, maintained, or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), shall be subject to this order. This order shall apply to any Party (including all of its officers, directors, employees, retained experts, outside counsel [and their support staff]) and to any person or entity who agrees to be bound by this order.

3. **Designation**.

(a) If any Discovery Material satisfies the requirements of Paragraphs 1(e) or 1(f), a Party or non-party may designate the Discovery Material as Confidential, for protection under this order by placing or affixing the word "CONFIDENTIAL," OCRed (text searchable) font, on the Discovery Material and on all Copies in a manner that will not interfere with the legibility of the Discovery Material.

(b) To the extent Discovery Material is produced in native format, the word "CONFIDENTIAL" shall be appended to the production file name (e.g., Bates000123-CONFIDENTIAL) and the Discovery Material and shall be produced with a native placeholder slipsheet that provides the the designation. The marking shall be applied prior to, or at the time, the Discovery Material is produced or disclosed.

(c) Documents produced pursuant to Fed. R. Civ. P. 34 and 45 that are designated as "CONFIDENTIAL" shall be produced with a "Confidentiality" metadata field that shall indicate

the specific confidentiality designation assigned to the Document. If the Document has not been designated at all, the field should be left blank.

(d) Copies that are made of any Discovery Material marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of Discovery Material that do not contain substantial portions or images of the text of Discovery Material designated Confidential and do not otherwise disclose the substance of the Confidential are not required to be marked.

(e) The designation of Discovery Material as Confidential is a certification by an attorney for the Designating Party and the Designating Party's counsel that the Discovery Material has been personally reviewed by an attorney and that the Designating Party and its counsel have a good faith basis to believe that the Discovery Material satisfies the requirements of Paragraph 1(e) or (f), respectively. Each Party or non-party that designates Discovery Material Confidential in accordance with this order must take care to limit any such designation to the specific information that qualifies under the appropriate standard. To the extent it is practical to do so, the Designating Party must designate only those parts of the Discovery Material that qualify as Confidential, so that other portions of the Discovery Material for which the protections of this order are not warranted are not unjustifiably included.

(f) To the extent a Party wishes or is required to file or reference Confidential Information with the Court, the Party shall electronically file a partially redacted copy masking the portion of the Discovery Material designated as Confidential and simultaneously serve an unredacted copy of the document on counsel for the non-filing Parties. The filing Party shall comply with the procedures in Local Bankruptcy Rule 5003-1 ("Documents Filed Under Seal") governing the filing of Documents under seal.

(g) If it comes to the Designating Party's attention, other than through the procedure for challenging designations as set forth in Paragraph 7 below, that Discovery Material designated Confidential does not qualify for such protection, it must promptly notify the Receiving Parties in writing that it is withdrawing the mistaken designation and, at its own expense, produce new copies of the Discovery Material with the appropriate designation within 14 calendar days.

4. **Depositions.**

(a) Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of 30 days after the court reporter notifies the witness that the deposition transcript is available for review. No later than the 30th day after the court reporter notifies the witness that the deposition transcript is available for review, a Party may serve a Notice of Designation to all Parties of record and the court reporter for the deposition in question as to specific page and line numbers of the transcript (and/or exhibits thereto) that are to be designated Confidential, and thereafter those portions identified in the Notice of Designation shall be protected by the terms of this order. If practicable, the Parties may elect to have the court reporter provide a final copy of the transcript that reflects any designations of pages and lines of the transcript as Confidential in the lower left-hand corner of each designated page.

(b) If any depositions are videotaped or digitally recorded, those portions of the recording corresponding to portions of the deposition transcript designated as Confidential shall be afforded the same confidentiality status.

5. **Protection of Confidential Material.**

(a) **General Protections.** Except as set forth below or otherwise ordered by this Court or any other court, administrative agency, or similar governmental or regulatory body, Discovery

Material designated as CONFIDENTIAL may be used by the Parties, counsel for the Parties, or any other person identified in identified in subparagraphs (b) or (c) only in connection with the prosecution or defense of claims in, or the settlement or appeal of, this Action.

    (b)    **Use of Confidential Information.** In addition to the limitations of the use of Discovery Material under Paragraph 5(a), Discovery Material designated as Confidential Information may only be disclosed to:

    (1)    Parties in this Action;

    (2)    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (3)    In-house counsel for the Parties and their internal legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Action;

    (4)    Outside counsel of record for the Parties with responsibility for the prosecution or defense of this Action and other counsel who have entered an appearance in this Action, and their respective legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Action on behalf of named Parties;

    (5)    This Court, or any other court exercising jurisdiction with respect to this Action, and any court personnel or other qualified persons involved in the Action, including clerical personnel, court reporters, or those recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

    (6)    Any person designated by the Court to have authority to view the Confidential Information upon such terms as the Court may deem proper;

    (7)    Witnesses at depositions, hearings, or trial in this Action who have executed the Acknowledgment attached as Attachment A to this order;

    (8)    Any person whose conduct is purported to be identified in the Confidential Information or who is expressly mentioned, discussed, or referred to in the Confidential Information, provided that such person has completed the Acknowledgement;

(9) The author or recipient of the Confidential Information as indicated on its face, the document's metadata, the face or metadata of any other document produced by the Producing Party, or deposition or trial testimony;

(10) Any special master, mediator, or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding issues arising in this Action, if they execute the Acknowledgment;

(11) Outside consultants, experts, or mock jurors retained for the purpose of assisting counsel or testifying in this Action, provided that they execute the Acknowledgment;

(12) Third-party vendors or contractors engaged for litigation support who have executed the Acknowledgment, including those involved in copying, organizing, filing, coding, converting, storing, or retrieving Discovery Material or designing and maintaining computerized programs for handling Discovery Material;

(13) The person or entity that originally created or prepared the designated Discovery Material; and

(14) Other persons agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

(c) To the extent any person is required to complete the Acknowledgement, facsimile signatures or signatures transferred in electronic format (e.g., PDF) shall be treated as original signatures purposes of this order.

(d) The protections of this order do not apply to: (a) any Discovery Material that is publicly available or in the public domain for reasons not involving a violation of this order, including becoming part of the public record through trial or otherwise; and (b) any Discovery Material possessed by the Receiving Party prior to disclosure or obtained lawfully by the Receiving Party at any time from a source other than the Producing Party, unless such Producing Party was under legal or contractual obligation not to produce such Discovery Material without notice to or consent of the Designating Party. Nothing in this order shall prevent or prejudice any Party or non-party from using its own designated Discovery Material for any purpose, including

8

privately disclosing its own Discovery Material to others not mentioned in this Paragraph 5, and such private disclosure shall not waive the protections of this order.

(e) **Control of Information.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Material as Confidential Information does not, standing alone, waive the right to so designate the Information. However, if a Party or non-party designates Discovery Material as Confidential after the material was initially produced, the Designating Party must do so as soon as practicable as to avoid prejudicing the Receiving Party. If a Party or non-party designates Discovery Material as Confidential after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this order. No Party or non-party shall be found to have violated this order for failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential. Within a reasonable time after making the later designation, the Designating Party must provide a replacement copy of the Discovery Material and a corrected overlay that displays the correct designation and provides the corrected metadata.

(a) If the Discovery Material that inadvertently was not designated is, at the time of the later designation, already filed with a Court in the public record, the Disclosing Party that failed to make the designation shall (or the Designating Party, if different) be responsible for moving the Court for appropriate relief, such as partial redaction or sealing.

(b) If an inadvertently omitted CONFIDENTIAL designation is first claimed during the course of a deposition, hearing, or other Court proceeding, the applicable Discovery Material may be used throughout the deposition, hearing, or Court proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

7. **Challenges by a Party to Designation as Confidential Information.** The designation of any Discovery Material as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A Receiving Party that intends to challenge the designation of Confidential Information must provide written notice to the Designating Party of the Discovery Material that is subject to the challenge and the basis for the challenge. The written notice shall (i) specify the document(s) to which the objection is directed by Bates number or describe the category of challenged documents, and (ii) shall set forth the reasons for the objection as to each document or category of documents.

Unless otherwise agreed by the Designating Party and the Party challenging the designation, within **seven** calendar days of receiving such notice, the Designating Party shall meet and confer with the challenging Party in good faith to resolve this dispute. If the Parties are unable to reach an agreement after the meet-and-confer discussion, the Receiving Party may file a motion or other application allowed by the Federal Rules of Civil Procedure, the Local Bankruptcy Rules of the Eastern District of Pennsylvania, and the Court's Policies and Procedures to challenge the designation. The Receiving Party may opt to continue meet-and-confer discussions with the Designating Party or otherwise file its motion after this time period without prejudice to the Receiving Party's right to challenge the Designation, so long as the challenge is otherwise timely under the discovery and/or case schedules.

  (b) Until the Court rules on the motion, all Parties shall continue to treat the Discovery Material as it was originally designated by the Designating Party under the terms of this order. Accordingly, any motion or other filing must not include the Discovery Material with contested designations nor describe them in a manner that would reveal Confidential Information, unless the filing or description is filed under seal.

  8. Nothing in this order or any action or agreement of a Party under this order limits the Court's power to issue orders concerning the disclosure of Discovery Material produced in discovery or at trial in this Action.

  9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this order; or to seek any other relief from the Court.

  10. **Use of Confidential Information at Trial**. The Protective order shall apply until the commencement of trial.

  (a) A Party or non-party seeking to use Confidential Information in open court prior to trial must make a good faith effort to notify the Designating Party within a reasonable time prior to the proceeding. If a Party or non-party is unable to provide advanced notice, the Party or non-party must notify the Court before disclosing Confidential Information in open court, so that the Court may consider closing the proceedings or conducting proceedings off the record.

  (b) Disputes as to the use of Confidential Information in open court prior to trial shall be presented to the Court within a reasonable amount of time prior to the disclosure.

  (c) In addition, at least 30 days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this Litigation, the Parties shall meet and confer to negotiate a

proposal for Court approval addressing the treatment of material previously designated CONFIDENTIAL at trial. To the extent the Parties fail to agree on a proposal addressing the use of such Discovery Material at trial, they may submit alternative proposals to the Court for resolution.

11. **Non-parties**. In conducting discovery from non-parties, the Parties shall attach this order to a copy of any subpoena or other discovery request. Non-parties from whom discovery is requested are entitled to the protections of this order in responding to such requests provided that the nonparty agrees to and executes the Acknowledgement.

12. **Subpoenaed or Ordered Produced in Other Litigation.**

(a) Nothing in this Protective Order prohibits production by a Party or non- party of Discovery Material designated Confidential in response to a valid subpoena or other process by a court or government agency.

(b) If a Party or non-party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated as Confidential or in this Action that was produced by another Party or non-party, the Party or non-party that received the subpoena or order must notify the Designating Party, and the Producing Party if different from the Designating Party, in writing, immediately and in no event more than 7 calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(c) The Party or non-party that received the subpoena or order also must immediately inform in writing the party or government agency who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this order. In addition, the Party or non-party that received the subpoena or order must deliver a copy of this order promptly to the party or government agency that caused the subpoena or order to issue.

12

(d) The Designating Party shall bear the burden and the expense of seeking protection of its Confidential Information. This order does not authorize or encourage any Party or non-party to disobey a lawful directive from another court.

13. **Privileged Materials.**

(a) Nothing in this order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver subject to the terms set out herein. Fed. R. Evid. 502(a) continues to apply.

(b) **Designating Party claiming inadvertent production of privileged information before use by Receiving Party:** Pursuant to Fed. R. Evid. 502(d), if at any time prior to its use as at deposition, hearing, expert report, or trial, a Producing Party discovers that it inadvertently produced or disclosed Protected Discovery Material, it shall, as soon as practicable, notify the Receiving Party of the disclosure, identify all such Protected Discovery Material, and provide a specific explanation as to why such information is protected. Upon notice of a claim of disclosure of Protected Discovery Material, the Receiving Party shall return, sequester, delete, or destroy all Copies of the Protected Discovery Material identified in the notice (except as required to dispute any applicable privilege, as discussed in ¶ 13(c) below) and, upon request within a reasonable time after receiving notice, provide a written representation to the Producing Party that all such Protected Discovery Material was returned, sequestered, deleted, or destroyed. Within 14 days after the notification that it inadvertently produced or disclosed Protected Discovery Material, the Producing Party shall produce a privilege log in the format agreed-upon in the Court's ESI Order.

(c) Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation

13

by submitting a challenge to the Court in accordance with the process set out in Paragraph 7. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials for purposes of challenging the claim of privilege. Should the Court determine the privilege applies, all copies shall be returned, deleted, or destroyed, and any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed.

(d) **Receiving Party notifying Designating Party of potential inadvertent production of privileged information before use at a deposition, hearing or trial:** If a Receiving Party becomes aware that it is in receipt of information or materials which it knows to be or believes may be privileged, Counsel for the Receiving Party shall immediately take steps to notify Counsel for the Designating Party of such information or materials. Within **seven** calendar days of receiving notice from a Receiving Party of a potential inadvertent production, the Designating Party shall confirm if it intends to assert that the documents are privileged. If the Designating Party confirms it intends to assert that the documents are privileged, the Receiving Party shall return such information or materials to the Designating Party or destroy/delete them (with the exception that the Receiving Party may sequester one copy for the purposes of challenging the designation). The Receiving Party retains its right to challenge the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court in accordance with the process set out in Paragraph 7.

(e) **Inadvertently produced Privileged Information used at depositions:** Notwithstanding the foregoing, to the extent that Designated Material is marked as an exhibit in a deposition, used as an exhibit to an expert report, or submitted as an exhibit to a Court filing in this action ("Used Document") by the Receiving Party, and the Designating Party believes that the

14

Used Document constitutes inadvertently produced Privileged Information, then the Designating Party may seek to limit the use of and/or claw back the Used Document as noted herein:

(1) **During Deposition**: If a Used Document is marked as an exhibit in a deposition, the Designating Party may orally provide notice of the inadvertent production of the Privileged Information and the Receiving Party must immediately cease examination regarding the specific substantive content of the Used Document. A Designating Party that claims that a Used Document being used during a deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or work-product protection may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection, or (b) consistent with Fed. R. Civ. P. 30(c)(2), instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the Designating Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document. While resolution of a disagreement as to a Used Document's status under this paragraph is pending, all Parties shall treat the transcript of such deposition as Confidential. If the Designating Party provides notice of the inadvertent production of the Used Document or instructs the witness not to answer questions concerning the Used Document, the Parties will then cooperate in promptly conferring regarding the privileged or work-product protected status of the document, and, if necessary, submit the issue of the document's status to the Court for resolution. If the Designating Party provides notice of the inadvertent production Used Document or instructs the witness not to answer questions concerning the Used Document, and the Court or Parties later determine the Used Document is not privileged, the Designating Party shall not object to the re-opening of the affected deposition regarding the issues presented in the Used Document.

(2) **After Use at Deposition or in Expert Report:** If the Designating Party notifies each Receiving Party in writing of the inadvertent production of a Used Document used by the Receiving Party in a deposition, hearing, or expert report, any such Used Document shall be subject to the protections and requirements of Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B), provided that the Designating Party gives notice within 14 days of service of the expert report or the date of the deposition. Potential prejudice of allowing the Used Document to be clawed back after the deposition examination has ended shall be considered as an additional reasonableness factor in accordance with 502(b)(3).  To the extent the Used Document has been filed with the Court, the Receiving Party shall not be required to seek a return from or destruction by the Court of copies of the Used Document

unless and until the Designating Party's claim of privilege is resolved in its favor.

(f) The Parties reserve their rights to petition the Court for a modification of this Order or other appropriate relief in the event that a Producing Party has engaged in an unreasonable use of the claw back procedure, including, but not limited to, clawing back documents at unreasonable points in time, at an unreasonable frequency, in an unreasonable volume, or using the procedure for an improper purpose.

14. **Obligations on Conclusion of Action**.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this order shall remain in force after dismissal or entry in this Action of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within 90 days after dismissal or entry in this Action of final judgment not subject to further appeal, all Confidential Information or documents marked "CONFIDENTIAL" under this Order, including Copies of the same as defined above, shall be destroyed by the Receiving Party. The obligations imposed by this paragraph shall not apply to Discovery Material that has been offered into evidence or filed on the docket in this Action without restriction as to disclosure.

(c) **Retention of Work Product and Filed Information.** Notwithstanding the above requirements to return or destroy Confidential Information, counsel may retain (i) its own attorney work product, including an index that refers or relates to designated Confidential or Information; (ii) Discovery Material filed with the Court, including those filed under seal; (iii) deposition transcripts and exhibits; and (iv) any expert reports exchanged between the Parties. Any retained Confidential Information shall continue to be protected under this order. An attorney may use his

16

or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

15. **Order Subject to Modification.** This order shall be subject to modification by the Court on its own initiative or on a motion of a Party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination.** This order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential Information is entitled to protection under Rule 26(c) of the Fed. R. Civ. P. or otherwise until such time as the Court may rule on specific Discovery Material and/or specific issues.

17. **Persons Bound.** This order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this order by its terms, including persons and entities who have executed the Acknowledgement. In the event that a new Party is added, substituted, or otherwise brought into this Action, this order will be binding on and inure to the benefit of the new Party.

18. **Right to Object.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any Discovery Material on any ground not addressed in this Order. No Party waives any right to object on any ground to the use in evidence of any Discovery Material covered by this Order.

**SO ORDERED.**

Dated: _____    /s/ _____
HON. ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

# ATTACHMENT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS, INC.,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy Case No. 24-13029 (AMC) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges reviewing the Court-approved Protective Order in this case and attached to this document, understands the terms of the order, and agrees to be bound by it. The undersigned submits to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Pennsylvania in matters relating to the Protective Order and understands that the terms of the Protective Order obligates the undersigned to use materials designated as Confidential Information in accordance with the Protective Order and solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____

Date:_____        _____
                                                                                                Signature